IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALLORY YORK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-433-N-BN |
| | § | |
| TARRANT COUNTY, ET AL., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Mallory York initially filed this *pro se* lawsuit against two Texas counties, two Texas agencies, and individuals, including a Texas judge, claiming violations of 42 U.S.C. § 1983 and two federal criminal statutes, but he alleged no facts to support his claims. *See* Dkt. No. 3. United States District Judge David C. Godbey referred York's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the Court granted York's request for leave to proceed *in forma pauperis* (IFP) under the provisions of 28 U.S.C. § 1915. *See* Dkt. Nos. 4, 5.

The same day, the undersigned notified York of deficiencies apparent in the original complaint and required that he filed an amended complaint to cure the deficiencies [Dkt. No. 6] (the NOD). York filed an amended complaint. *See* Dkt. No. 7. And, for the reasons set out below, because York's amended claims remain deficient, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit with prejudice.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, "at any time if the court determines that," 28 U.S.C. § 1915(e)(2), it "fails to state a claim on which relief may be granted," *id.* § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

York's amended complaint explains that he seeks damages based on family law proceedings in state courts in Dallas County and Tarrant County, in which he was ordered to pay child support, and that, related to this obligation, Texas officials "put a hold on [his] professional license which prevent him from renewing his license." Dkt. No. 7 at 7. York amended his claims to bring them against two state agencies, an attorney in the Texas Attorney General's Office, a state judge in Tarrant County, and an individual who may be his ex-wife or the mother of a child of his, alleging that he was denied due process and that "[a]ll defendants conspired to steal [his] property

and finances under color of state and local law." *Id.* at 2-7.

Initially, insofar as York has filed a civil rights case in federal court attacking state court proceedings on the basis that his right to due process was violated, York's claims are barred by the *Rooker-Feldman* doctrine.

> "Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."

*Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980); collecting cases; footnotes omitted).[1]

And Section 1983 is "not a specific delegation to the federal courts that upsets how constitutional determinations are reviewed in the state courts" and "allows a collateral attack on a state court judgment where, like here, a plaintiff's

---

[1] *See also Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (Plaintiff "cites no legal authority … suggesting that we or the district court have power to order the [state] court to reconsider its order. He similarly does not explain how such an order from us or the district court would not be an extrajurisdictional 'collateral attack[ ] on' the [state] court's proceedings." (quoting *Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 (5th Cir. Jan. 4, 2000) (per curiam) ("[T]he *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction over [a plaintiff's] case."))); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) ("[T]he complaint is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders.").

constitutional claims are 'inextricably intertwined' with the state court's rulings against him." *Miller v. Dunn*, No. 3:20-cv-759-E, 2020 WL 6504663, at *3 (N.D. Tex. Nov. 5, 2020) (citing *Reed v. Terrell*, 759 F.2d 472, 473-74 (5th Cir. 1985) ("[T]his Court's review of the record in the instant case reveals that the plaintiffs' suit is 'patently an attempt to collaterally attack the validity of [the state court judgment].' A review of the plaintiffs' pleadings and arguments in the instant case reveals that this suit is 'inextricably intertwined' with the state court's awards against the plaintiffs. Thus, the district court did not err in dismissing the instant suit for want of jurisdiction." (quoting *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979), then *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983); citation omitted)))).

But the Court need not base its dismissal of York's lawsuit on *Rooker-Feldman* alone. His suit should be dismissed for the reasons set out below, which were all also spelled out in the NOD, *see* Dkt. No. 5, to which York responded with the amended complaint:

First, insofar as York continues with claims against Dallas County and Tarrant County, *see* Dkt. No. 7 at 8, "[a] person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). At the pleading stage, a plaintiff alleging such a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young*

*Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

So, even if York does allege a plausible constitutional violation, to plausibly allege that a Texas county is liable, York must also

> identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482. York alleges none of these requirements. *See* Dkt. No. 7.

Next, insofar as York alleges that an individual who appears to be his ex-wife or the mother of a child of his violated his constitutional rights, "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). York fails to allege that this

individual acted under color of state law. *See* Dkt. No. 7.

York also sues a state judge. But judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). "Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363). Here, because York fails to allege that any act taken by the judge was not a normal judicial function or undertaken without jurisdiction, the associated claims are barred by immunity.

Relatedly, York brings a claim against an attorney for the State of Texas for actions that attorney took related to the State's efforts to collect child support from York. This defendant is also immune from liability under Section 1983:

> Prosecutors are absolutely immune from liability under § 1983 for their commencement and presentation of criminal cases on the State's

> behalf. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted). Under Texas law, the Office of the Attorney General has been designated to provide child support enforcement functions and services required by the Social Security Act. *Smith v. Abbott*, 311 S.W.3d 62, 68 (Tex. App. – Austin 2010, pet denied.); TEX. FAM. CODE ANN. § 231.001; 42 U.S.C. § 651. Nixon was prosecuted for contempt under these provisions. *See Nixon v. The Office of Attorney General of Texas*, No. 05-12-01065-CV, 2013 WL 4781535, at *1 (Tex. App. – Dallas Aug. 5, 2013, pet. denied). The Texas law provides for incarceration of a party found in contempt for failure to comply with an enforcement order. TEX. FAM. CODE ANN. § 157.166. The Attorney's General's Office is also authorized to recommend the suspension of a state license held by a child support obligor if it is determined that the obligor owes three months or more of child support and has failed to comply with the repayment schedule. *Smith*, 311 S.W.3d at 68. Thus, [an attorney for that office does] not engage in ultra vires or unconstitutional acts in filing a motion for contempt in the trial court to enforce the child support obligation which result[s] in … the suspension of [an obligor's] licenses. *See Nixon*, 2013 WL 4781535, at *1. [Such] acts [are therefore] performed within the scope of the prosecutorial functions … and, thus, absolute immunity applies. *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003).

*Nixon v. Abbott*, 589 F. App'x 279, 280 (5th Cir. 2015) (per curiam) (citations modified).

Finally, as to the two Texas agencies York names as defendants, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

The Court should therefore dismiss York's claims with prejudice. Because the Court gave York an opportunity to amend his claims after informing him why his

original complaint was deficient and York responded with an amended complaint containing the same deficiencies, justice does not require further leave to amend. *Cf. Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam).

## Recommendation

The Court should dismiss Plaintiff Mallory York's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 8 -